In the Matter of Mark E. REYNOLDS.

No. 49S00–9503–DI–369.

Supreme Court of Indiana.

Feb. 25, 1997.

Mark E. Reynolds, Richard Kammen, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

On February 1, 1995, a federal district court convicted the respondent of the crimes of perjury and conspiracy to defraud the Internal Revenue Service. This attorney disciplinary action arises from those convictions and the misconduct underlying them. In addition to filing a *Verified Complaint for*

*Disciplinary Action* on March 24, 1995, the Disciplinary Commission moved for a *pendente lite* suspension of the respondent on June 8, 1995. This Court granted the Commission's motion effective August 11, 1995. As a preliminary matter, we note that the respondent was admitted to the bar of this Court in 1992, and is thus subject to our jurisdiction in attorney disciplinary matters.

Pursuant to Ind.Admission and Discipline Rule 23, Section 11(c), the respondent and the Commission have reached an agreement for resolution of this case. That agreement is now before this Court for final approval. We approve the agreement, and herein recount the facts and circumstances of this case.

The respondent and the Commission agree that on October 19, 1993, the respondent was named in a five-count criminal indictment in the United States District Court for the Southern District of Indiana, Evansville Division. On February 1, 1995, the respondent pleaded guilty to Count I of the indictment, which charged that he had committed perjury in violation of 18 U.S.C. Section 1623, and to Count III, which alleged that he conspired with his father to defraud the Internal Revenue Service in violation of 19 U.S.C. Section 371. Both crimes are felonies under the laws of the United States. Pursuant to the plea agreement, all other counts were dismissed. On June 6, 1995, the court sentenced the respondent to a three-year period of probation and fined him approximately $2,100.

Relevant portions of the federal criminal indictment incorporated into the parties' tendered agreement alleged the following events. During most of the 1980s, the respondent's father was the president of a regional district of labor union which represented mine workers throughout the state of Indiana. As president, the respondent's father was prohibited from receiving income or remuneration from sources other than his union salary. Despite that provision, the respondent's father used his influence to secure, from a mining company with which he dealt in his capacity as president of the union

district, a coal-hauling contract for a certain coal supply and service company. In return for his aid in securing the contract, the coal supply company agreed to pay him a sum of money for each ton of coal it hauled pursuant to the contract. At roughly the same time payments pursuant to the contract were to begin, the respondent's father caused to be opened a post office box in the name of "Integrated Resources Consultant Group." He listed the respondent as the renter of the post office box. The respondent's father also opened a checking account in the name of Integrated Resources and designated the respondent as sole signatory for the account. Between 1988 and 1991, the coal supplier issued checks totaling $22,500. At the direction of the respondent's father, the checks were made out to Integrated Resources. The respondent's father retrieved all checks from the post office box, and thereafter endorsed the checks in the name of the respondent.

Count I of the federal criminal indictment alleged that in October of 1993, a grand jury convened to investigate allegations against the respondent's father. During the course of the respondent's sworn testimony before the grand jury, he indicated, *inter alia*, that he had formed Integrated Resources, that he had been hired by the coal supplier as a business consultant, that the payments to Integrated Resources were for the purpose of paying him (the respondent) for services rendered, and that any of the funds that were ultimately received by his father the respondent paid to him in satisfaction of family loans. Count III of the indictment alleged that, through the use of falsified amended federal tax returns, the respondent and his father conspired to defraud the Internal Revenue Service by reporting funds received by Integrated Resources as taxable income of the respondent.

The Commission has charged the respondent with violating Rules 8.4(b), 8.4(c), and 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law*.[1] We now find that the

---

1. Those provisions provide:
It is professional misconduct for a lawyer to:
. . . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

respondent's criminal convictions for perjury and conspiracy to defraud the IRS represent the commission of criminal acts violative of Prof.Cond.R. 8.4(b). His actions leading to the convictions included conduct involving dishonesty, fraud, deceit and misrepresentation and therefore violate Prof.Cond.R. 8.4(c). His commission of perjury in the form of false statements made to a grand jury represents conduct prejudicial to the administration of justice, in violation of Prof.Cond.R. 8.4(d).

The respondent and the Commission agree that he should be suspended from the practice of law for a period of not less than three years. They suggest that the period of suspension commence on the date of the respondent's *pendente lite* suspension. In assessing the adequacy of the agreed discipline, we note that the parties offer factors purported to mitigate the severity of the misconduct. Most significant is the contention that, at the time of the misconduct, the respondent was greatly influenced by his father and that he succumbed to his father's requests to lie to the grand jury and the IRS to protect his father. The respondent further urges that he felt the prospect of testifying against his father unthinkable.

As an aggravating factor, we note that at the time the respondent falsely testified before the grand jury, he was employed as a deputy prosecuting attorney in the child support division of the Marion County Prosecuting Attorney's Office.

We view the respondent's misconduct as egregious. It reveals a willingness of an officer of the court and an agent of law enforcement to carefully plan and execute deception both before a federal tribunal and the government's taxing authorities. However, the true culpability of the respondent cannot be adequately gauged without careful consideration of the conditions underlying his misconduct. It is clear that the respondent was acting under significant duress imposed by his father. The motive fueling his misconduct was not personal gain, but rather his

desire to protect his father from imminent criminal prosecution. We attribute some mitigating value to the respondent's absence of selfish motive and apparent vulnerability at the time of the misconduct. Nonetheless, given the severity of his wrongdoing, we feel a substantial period of suspension is warranted and therefore accept the agreed discipline of a three-year suspension and conclude that such period should begin immediately.

It is, therefore, ordered that the respondent, Mark E. Reynolds, be suspended from the practice of law for a period of not less than three (3) years, effective immediately. At the conclusion of this period of suspension, the respondent may petition this Court for reinstatement, provided he meets the requirements contained in Admis.Disc.R. 23(4). However, reinstatement is not automatic.

Costs of this proceeding are assessed against the respondent.

SULLIVAN, SELBY and BOEHM, JJ., concur.

SHEPARD, C.J., concurs because of the agreement of the parties. He would otherwise conclude that the sanction is inadequate.

DICKSON, J., dissents, believing the sanction too lenient.

. . . .

---

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;